UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

## LETTER OPINION & ORDER
## Under Temporary Seal

**VIA CM/ECF**
All counsel of record

    Re:   *United States v. Wiley Williams*
           Crim. No. 18-492 (MAS)

Dear Mr. Williams and Counsel:

This matter comes before the Court on Defendant Wiley Williams's ("Defendant" or "Mr. Williams") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The Court has considered the parties' submissions, and for the reasons set forth below, denies Defendant's Motion without prejudice.

## I.    BACKGROUND & PARTIES' POSITIONS

On May 8, 2019, Defendant pled guilty to the offenses of (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (2) possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and (3) illegally possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Plea Agreement ECF No. 19.) On November 13, 2019, the Court sentenced Defendant to 84 months imprisonment followed by five years of supervised release. (J. 1–3, ECF No. 24.) Defendant is serving his sentence at Fort Dix Federal Correctional Institution ("FCI Fort Dix").

Mr. Williams[1] argues that "the prison population health crisis and his underlying health concerns" make him "especially vulnerable to the corona virus." (Def.'s Moving Br. 1.) Defendant also argues that "[h]e suffers from a family history of hypertension, kidney disease and diabetes." (*Id.*) In addition, Defendant raises general arguments regarding the prison conditions in general and FCI Fort Dix in particular. (*Id.* at 1–2, 3–5.) According to Defendant, the only way to combat the inevitability of a swift and severe spread of COVID-19 "is to reduce the inmate population by releasing those who are most at-risk and those who pose no danger to their community." (*Id.* at 2.)

---

[1] Although the majority of Defendant's brief appears personalized to Defendant, the introductory paragraph states, "NOW COMES Edward Jackson, Petitioner in the above captioned matter, respectfully requesting . . . compassionate release." (Def.'s Moving Br. 1., ECF No. 26.)

Defendant also argues that the § 3553(a) factors militate in favor of a sentence reduction. (*Id.* at 5–6.)

In opposition, the Government argues that although Defendant asserts a purported family history of hypertension, kidney disease, and diabetes, Defendant himself does not suffer from medical conditions that place him at any greater risk of severe complications should he contract COVID-19. (Gov't's Opp'n Br. 11, ECF No. 29.) The Government also argues that "[i]n the absence of any diagnosed medical conditions, Williams' arguments amount to generalized fears surrounding COVID-19 and its possible effects." (*Id.*) The Government also discussed the response to the COVID-19 pandemic by the Board of Prisons in general and the conditions at Fort Dix FCI in particular. (*Id.* at 5–8.) According to the Government, Williams has not demonstrated extraordinary and compelling reasons for a sentence reduction. (*Id.* at 11–15.) The Government additionally argues that the § 3553(a) factors strongly militate against a sentence reduction. (*Id.* at 15–17.)

## II. LEGAL STANDARDS & DISCUSSION

A district court generally has limited authority to modify a federally-imposed sentence once it commences. *See United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010). The First Step Act ("FSA"), however, permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

Here, the Court finds that Mr. Williams satisfied administrative remedies. The Court, however, finds that Defendant is not entitled to the requested relief. First, Defendant has not demonstrated that he suffers from any medical conditions that place him at significant medical risk. A family history does not equate to personal vulnerability. The other concerns raised by Defendant are generalized based on the nature of COVID-19. Notably, however, "[t]he mere

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court is sensitive to Defendant's concerns regarding the risk of contracting COVID-19. Defendant, nevertheless, did not even assert that he has medical conditions that place him at increased risk of complications from a COVID-19 infection. Based on the record before the Court, Defendant has not met his burden of demonstrating that compelling and extraordinary reasons exist to justify compassionate release. The Court, consequently, denies Defendant's Motion.[2]

### III.  ORDER

For the reasons set forth above,

**IT IS** on this 9th day of April 2021, **ORDERED** that:

1. Defendant's Motion (ECF No. 26) is denied without prejudice.

2. The Clerk shall file this Letter Opinion & Order under Temporary Seal. By May 7, 2021, either party may file a Motion to Seal that complies with Local Civil Rule 5.3(c). If neither party files a Motion to Seal by this deadline, the seal on the Letter Opinion & Order will be lifted.

3. The Clerk shall send a copy of this Letter Opinion & Order to Defendant by regular mail.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court does not reach a consideration of the § 3553(a) factors.

3